**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000073
14-FEB-2012
08:06 AM**

NO. CAAP-11-0000073

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
DONALD LEVELL, JR., Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CR. NO. 1P110-10648)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Reifurth and Ginoza, JJ.)

Defendant-Appellant Donald Levell, Jr. (Levell) appeals from the Judgment filed on January 12, 2011 in the District Court of the First Circuit, Honolulu Division [1] (district court).

The district court found Levell guilty of Harassment, in violation of Hawaii Revised Statutes (HRS) § 711-1106(1)(a) (Supp. 2010).

On appeal, Levell contends the district court abused its discretion in prohibiting him from attacking Complainant's credibility by evidence of her bias, interest, or motive, in violation of Hawaii Rules of Evidence (HRE) Rules 404(b) and 609.1.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to

---

[1] The Honorable Faye Koyanagi presided.

the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude that Levell's appeal is without merit.

Introduction of Complainant's alleged credit card theft from Levell after the alleged harassment occurred was subject to exclusion by HRE Rule 403 after a "cost-benefit calculus and a delicate balance between probative value and prejudicial effect." State v. Balisbisana, 83 Hawai'i 109, 114, 924 P.2d 1215, 1220 (1996) (internal quotation marks and citation omitted). Exclusion of relevant evidence is reviewed for an abuse of discretion. State v. Cordeiro, 99 Hawai'i 390, 404, 56 P.3d 692, 706 (2002). "An abuse of discretion occurs when the court clearly exceeds the bounds of reason or disregards rules or principles of law to the substantial detriment of a party litigant." State v. St. Clair, 101 Hawai'i 280, 286, 67 P.3d 779, 785 (2003) (quoting Cordeiro, 99 Hawai'i at 404, 56 P.3d at 706). The district court does not abuse its discretion when the trier of fact possesses "sufficient information to appraise the biases and motivations of the witness." Balisbisana, 83 Hawai'i at 114, 924 P.2d at 1220 (quoting United States v. Easter, 66 F.3d 1018, 1022-23 (9th Cir. 1995)). In the instant case, there was no abuse of discretion in prohibiting Levell from raising Complainant's alleged theft of his credit card after the alleged harassment occurred.

Even if there was error by the district court, it was harmless error because Levell's own testimony provided substantial evidence in addition to Complainant's testimony to support his conviction. See State v. Mars, 116 Hawai'i 125, 139, 170 P.3d 861, 875 (App. 2007). Levell testified that he never had physical contact with Complainant on the day in question, and yet after Complainant left the apartment, he testified that he went downstairs, saw Complainant with a police officer and said "I'm probably the gentleman that you--that you're looking for[.]".

Therefore,

IT IS HEREBY ORDERED that the Judgment filed on January 12, 2011 in the District Court of the First Circuit, Honolulu Division, is affirmed.

DATED:  Honolulu, Hawai'i, February 14, 2012.

On the briefs:

James S. Tabe
Jason M. Kramberg
Deputies Public Defender
for Defendant-Appellant

Stephen Tsushima
Deputy Prosecuting Attorney,
City and County of Honolulu
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge